## The State of Iowa v. Iowa Central Railway Company.

1. **Decree**: CONSTRUCTION: ENFORCEMENT: "SUCCESSOR" OF RAILWAY COMPANY. A decree commanding a railway company named, and its successors, assigns, grantees and lessees, to maintain and operate a specific portion of its line of road is binding upon, and is enforceable by *mandamus* against, a railway company which was not a party to the action in which said decree was rendered, but was organized sub-

sequent thereto, and acquired its interest in said railway property from a purchaser thereof at a receiver's sale upon the foreclosure of a mortgage.

2. ——— : ——— : ———. The fact that the specific portion of the railway in question had been leased by the defendant to another railway company, and was being operated in connection with the line of the latter, but not in conformity to said decree, *held*, to be no defense to the issuance of said writ.

*Original Action for Mandamus.*

MONDAY, OCTOBER 26, 1891.

APPLICATION on behalf of the state for an order against the defendant to show cause why it should not be compelled to obey a decree of this court entered against the Central Iowa Railway Company, and why a writ of mandatory injunction should not issue against it. The defendant having answered, the plaintiff moves for an order as prayed on the pleadings and proceedings as set out, and the case is submitted on this motion.

*John Y. Stone*, Attorney General, for the State.

*Anthony C. Daly*, for defendant.

GIVEN, J.—The application on behalf of the state sets out the decree of this court rendered October 27, 1887, in the case of *State v. Cent. Iowa Ry. Co.*, 71 Iowa, 410, and alleges that the defendant company has become the successor, assignee and grantee of the Central Iowa Railway Company, and as such is operating said line of railway contrary to the provisions of said decree, and in violation thereof, and is disregarding and disobeying the mandate thereof. This decree was entered on appeal in an action to enforce an order of the railway commissioners, and the part requiring notice is as follows:

VOL. 83—46

"And it is further ordered, adjudged and decreed that the said Central Iowa Railway Company, its officers, agents and servants, its successors, assigns, grantees and lessees, and each and every thereof, are directed and commanded, until otherwise ordered, to forever maintain and operate that certain piece and part of railroad lying and being between the depot buildings in Northwood, Iowa, and Manly Junction, Iowa, and will run its and their trains, engines, cars, both passenger and freight, according to regular and public schedule time, on and over said part of said railroad, giving to any and all the public desiring to travel over the same, and to ship freight over the same, the accommodations and facilities incident to and usual to such desired service, and will maintain and operate said part of said railroad in connection with its other road extending south from Manly Junction, Iowa, to Albia, Iowa, and without unusual and unnecessary delays; and to enforce this, the third paragraph of this decree, both a preventive and mandatory writ of injunction will issue at any time on the request of the state of Iowa or its attorney."

The prayer of this application is that the defendant be required to show cause why it should not obey the mandate and order contained in said decree, and why a writ of mandatory injunction should not issue against it thereon, and that upon the hearing hereof an order be made requiring the defendant to obey said decree, and that a writ of mandatory injunction be ordered to issue against the defendant to enforce said decree.

The defendant, in its answer and amendments thereto, says that it is not the successor, assignee and grantee of the Central Iowa Railway Company; that it has never been adjudged to be such; that no judgment or decree has ever been rendered against it commanding it to perform any of the acts in said decree required;

and that no demand has been made upon it to perform any order or do any act commanded in said decree. It is also alleged in the answer that, at the time of and long prior to the rendering of said decree, all the property of the Central Iowa Railway Company had been taken possession of and was being held by the United States circuit court for the southern district of Iowa, through a receiver appointed by that court, December 1, 1886, in a case there depending, wherein the Central Trust Company of New York was complainant, and the said Central Iowa Railway Company was defendant; that a decree of foreclosure of a mortgage was rendered in that court, and all the property of the Central Iowa Railway Company sold thereunder, on the seventeenth day of September, 1887, to James Thompson, which sale was duly confirmed, and conveyances ordered and made; that James Thompson assigned all his right, title and interest so purchased to the Iowa Railway Company, which company subsequently conveyed to this defendant. The defendant further alleges that the Central Iowa Railway Company was defunct and deceased at the time of the rendition of said decree against it, because of the taking possession of its property as aforesaid; that the defendant company had no existence, and was not organized until long subsequent to the rendering of said decree, and had no notice of said suit, and was not a party thereto. It is further alleged that the Burlington, Cedar Rapids & Northern Railway Company is now, and for some time past has been, operating the railway in question from Manly Junction to Northwood, for which it pays the defendant a rental of fourteen thousand dollars a year, and that if the defendant is required to comply with said decree it will be damaged in that sum. With its answer the defendant filed a demand for a jury trial herein.

The state filed a motion to strike a paragraph from the answer, stating that to perform the decree would entail great loss on the defendant, and, also, a motion for a more specific statement in the answer, both of which were sustained; to which the defendant excepted. As the rulings upon these motions are not before us for review, they will not be further noticed.

The application and answer having been filed as stated, the attorney general filed a motion on behalf of the state, as follows: "Comes now the plaintiff, and moves the court to enter the order prayed for in the petition herein, upon the ground that the defendant, in its answer, has not shown cause why such order should not be made, and for the further reason that upon the record and pleadings in this proceeding it appears that the plaintiff is entitled to such order."

I.   It will be observed that the decree is against the Central Iowa Railway Company, its officers, agents

1. DECREE: construction: enforcement: "successor" of railway company.

and servants, its successors, assigns, grantees, lessees and each and every thereof, and that it requires of these the performance of certain duties in the future.

It is a final adjudication as to all these persons of all matters embraced in it. It requires no argument to show that this court has power to enforce this decree against the Central Iowa Railway Company, and any person proven or admitted to be its officer, agent, servant, successor, assignee, grantee or lessee. The contention of the Iowa Central Railway Company is that it has denied in its answer that it is successor, assignee or grantee of the Central Iowa Railway Company; that it is entitled to a trial of that issue by a jury; and that this court has no jurisdiction to so try it, and, therefore, cannot make the order asked. It is contended on behalf of the state that the answer shows that the Iowa Central Railway Company is such successor, assignee and grantee, and that the order asked

should, therefore, be granted upon the record and pleadings before us. It is denied in the answer that the Iowa Central Railway Company is such successor, assignee or grantee. It is not, however, an unqualified denial, but based upon the facts we have stated. It is clear that, if these facts do not support the denial, then it is as if there were no denial; or, in other words, if the facts stated in the answer show that this company is such successor, assignee or grantee, then that allegation is not denied. It will be seen by the facts, as we have stated them, that this company now, and for some years past, has owned and operated the line of railroad in respect to which the decree was entered, and is in the enjoyment of all the rights and privileges granted by the laws of the state to such corporations for the maintenance and operation of railroads within the state. It is alleged as reasons why it is not such successor, assignee or grantee, and not amenable to the decree, that it was not in existence when the decree was entered, and not a party to it; that it has never been adjudged to be such successor, assignee or grantee, and that it has never been commanded or demanded to perform any part of the decree by the judgment of a court or otherwise. That it was incorporated after the decree was entered, is no reason why it might not become the successor, assignee or grantee of the Central Iowa Railway Company; and surely no adjudication or demand is necessary to cause that relation. There can be no doubt but that the facts stated do show that this company is the successor of the Central Iowa Railway Company, within the meaning of the decree. This fact being thus established, it requires no adjudication. The relation exists, and with it the duties and obligations imposed by the decree.

II. The decree requires that the part of the road between Manly Junction and Northwood shall be operated in the manner specified, in connection with the other part of that road

extending south to Albia. The answer shows that it is not and has not been so operated for some time, but that part of the road is being used by the Burlington, Cedar Rapids & Northern Railway Company in connection with its line, under a lease from the Iowa Central Railway Company, at a rental of fourteen thousand dollars per year. It is alleged that to require the Iowa Central Railway Company to operate it under the decree will deprive it of this rental, to its damage in that amount. This, even if true, is no justification for disregarding the decree. There is nothing in the decree to prevent a leasing of this part of the road to be used in connection with another line, but such a use is not an operation of it as required by the decree.

From the record before us we reach the conclusion that the Iowa Central Railway Company is successor to the Central Iowa Railway Company, and as such is bound by the decree of this court, heretofore entered against that company and its successors; and that in failing to operate that part of its road between Manly Junction and Northwood, in connection with the part extending south to Albia, in the manner specified in the decree, it is continuously disregarding and violating said decree, and that an order should be granted as asked on behalf of the state.